O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KELSEY GRAMMER, et al., | ) | Case No. CV 00-08571 DDP (RZx) |
| | ) | |
| Plaintiffs, | ) | **ORDER AND RENEWAL OF JUDGMENT** |
| | ) | |
| v. | ) | |
| | ) | (Application filed 12/20/10) |
| THE ARTISTS AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

Presently before the court is The Artists Agency ("TAA")'s application for a renewal of the judgment entered on December 21, 2000. Good cause being shown, the application is GRANTED.[1]

It is hereby ORDERED, ADJUDGED and DECREED that the court's final judgment, entered December 21, 2000 is renewed as follows:

1. **Grammer** shall pay to **TAA** a commission of ten percent (10%) of any and all sums received (or to be received) by (or for the benefit of) **Grammer** in connection with **Grammer's** right to receive five percent (5%) of one hundred percent (100%) of the Adjusted Gross Receipts derived from the distribution and exploitation of the television series entitled "Frasier" (the "Series") pursuant to the November 14, 1995 agreement between **Grammer** and Paramount Pictures Corporation, Network Television Division ("Paramount"), referred to herein as

---

[1] As described in the original judgment "Grammar" refers to Plaintiffs Kelsey Grammar and Grammnet, Inc. "WMA" reders to Defendant William Morris Agency, Inc.

          Grammer's right to "back-end payments". This provision is subject to the following exceptions:

    a.   **TAA** is not entitled to commissions on the first $1,000,000 in back-end payments actually received by **Grammer** after his back-end advances are recouped by Paramount; and

    b.   **TAA** is not entitled to commissions for any Series year after the 1999-00 season, either for **Grammer's** cash compensation or back-end payments;

2.   Within ten (10) business days of their receipt, **Grammer** shall provide **TAA** with copies of any and all participation statements rendered by Paramount in connection with the Series, including any statements or estimates heretofore rendered to **Grammer** by Paramount;

3.   **TAA** is not entitled to commissions on the additional cash components negotiated by **WMA** for the 1998-99 and 1999-00 seasons (which total approximately $15,000,000);

4.   **TAA** shall recover from **WMA** the sum of $75,054 plus pre-award interest in the amount of $7,500 for a total award of **$82,554**;

5.   **TAA** shall recover from **Grammer** the sum of $1,826,000 plus pre-award interest in the amount of $208,391 for a total award of **$2,034,391**; and

6.   Interest shall accrue on the judgment amounts specified above (or on any unpaid portion of the judgment amount) at the legal rate pursuant to 28 U.S.C. § 1961, until the judgment is satisfied.

IT IS SO ORDERED.

Dated: January 19, 2011

                                              DEAN D. PREGERSON
                                              United States District Judge